IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GLENN MATLOCK,                                )
                                              )
            Plaintiff,                        )    No.    2016L005955
                                              )           CALENDAR/ROOM B
      vs.                                     )           TIME 00:00
                                              )           PI Motor Vehicle
SOHAIB-ASBAH KAMIL SHAMMO,                    )
SPEEDY TRANSPORTATION, INC.,                  )
AND AL DIKHOW, individually and              )
as President of SPEEDY                        )
TRANSPORTATION, INC.,                         )
            Defendants.                       )

**COMPLAINT AT LAW**

COUNT 1 – Negligence
**(Glenn Matlock v. Sohaib-Asbah Kamil Shammo)**

NOW COME the Plaintiff, GLENN MATLOCK, by and through her attorneys, COLLISON LAW OFFICES, and complaining of the Defendants, SOHAIB-ASBAH KAMIL SHAMMO, SPEEDY TRANSPORTATION, INC., AND AL DIKHOW, states as follows:

1. That on or about June 25, 2014, the Defendant, SPEEDY TRANSPORTATION, INC. AND AL DIKHOW, owned and maintained, and by their duly authorized agent, employee, and servant, SOHAIB-ASBAH KAMIL SHAMMO, were in possession and control of, and operating and certain a commercial motor vehicle eastbound on I-80 west of the intersection with Torrence Avenue, said area being in City of Lansing, County of Cook, and State of Illinois.

2. That on and prior to June 25, 2014, Interstate 80 ("I-80") was a public highway running in a general easterly and westerly direction near the intersection with Torrence Avenue, said area being City of Lansing, County of Cook, and State of Illinois.

3. That on or about on June 25, 2014, the Plaintiff, GLENN MATLOCK, operated a vehicle

**EXHIBIT 1**

in an eastbound direction on I-80 west of the intersection with Torrence Avenue, said area being in City of Lansing, County of Cook, and State of Illinois.

4. That on or about on June 25, 2014, the Plaintiff, GLENN MATLOCK, while operating his vehicle, was stopped in traffic behind another motor vehicle, owned by Thomas Fruth, west of the intersection with Torrence Avenue.

5. That on or about June 25, 2014, the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, operated a commercial motor vehicle owned by the Defendants, SPEEDY TRANSPORTATION, INC., AND AL DIKHOW, in an eastbound direction on I-80 west of the intersection with Torrence Avenue, said area being in City of Lansing, County of Cook, and State of Illinois.

6. That the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, operated a vehicle in the same lane and directly behind the vehicle driven by the Plaintiff, GLENN MATLOCK.

7. That at all times relevant herein, the Plaintiff, GLENN MATLOCK, was in the exercise of ordinary care and caution for his own safety and property.

8. That it then and there the duty of the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, to exercise reasonable care and caution in the operation and control of his motor vehicle to prevent and avoid causing injury and damage to others lawfully present, including the Plaintiff, GLENN MATLOCK.

9. That on or about June 25, 2014, the front of the vehicle driven by the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, collided with the rear of the motor vehicle of the Plaintiff, GLENN MATLOCK.

10. That on or about June 25, 2014, the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, was then and there guilty of one or more of the following negligent acts or omissions:

   a. Operated a commercial motor vehicle without proper knowledge of the operation

of a commercial motor vehicle;

b. Failed to properly maintain a commercial motor vehicle in a safe condition, including the brake system, such as to ensure a safe and timely stop;

c. Operated a commercial motor vehicle with brakes inadequate to control the movement of and stop of such vehicle, in violation of 625 ILCS 5/12-301;

d. Failed to keep a proper and sufficient lookout for other motor vehicles, and more particularly for the motor vehicle which the Plaintiff, GLENN MATLOCK, was operating;

e. Failed to keep his commercial motor vehicle under sufficient and proper control so that it could be readily stopped;

f. Followed a motor vehicle more closely than was reasonable and prudent, contrary to and in violation of 625 ILCS 5/11-710;

g. Operated a commercial motor vehicle at a rate of speed that was greater than reasonable and proper having regard for the traffic in use of the highway, contrary to and in violation of 625 ILCS 5/11-601;

h. Failed to reduce speed of the commercial motor vehicle to avoid a collision, contrary to and in violation of 625 ILCS 5/11-601;

i. Failed to timely apply brakes to stop and halt vehicle.

11. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, who operated the commercial motor vehicle owned by the Defendants, SPEEDY TRANSPORTATION, INC. AND AL DIKHOW, was caused to and did come in contact with and strike the rear of the motor vehicle containing the Plaintiff, GLENN MATLOCK, and caused the motor vehicle owned by the Plaintiff, GLENN MATLOCK, to be pushed

forward and to come into contact with the vehicle located in front of the Plaintiff.

12. That as a direct and proximate result thereof, the Plaintiff, GLENN MATLOCK, was then and there thrown about his vehicle and thereby greatly injured as a result of said collision, and his body sustained injury and he suffered great bodily pain and injury and mental anguish from then until now and he will continue to suffer; he has expended and will expend in the future, large sums of money for medical expenses in endeavoring to become cured of said injuries, and he has lost large sums of money because of his inability to return to his normal business and occupation and his earning capacity has been permanently impaired.

WHEREFORE, the Plaintiff, GLENN MATLOCK, asks for judgment against the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, in a sum in excess of $50,000.00.

<u>COUNT 2 – Negligence</u>
(Glenn Matlock v. Speedy Transportation, Inc. and Al Dikhow)

NOW COME the Plaintiff, GLENN MATLOCK, by and through her attorneys, COLLISON LAW OFFICES, and complaining of the Defendants, SOHAIB-ASBAH KAMIL SHAMMO, SPEEDY TRANSPORTATION, INC., AND AL DIKHOW, states as follows:

1. Plaintiff repeats, realleges and incorporates by reference, paragraphs 1-12 of Count 1 as paragraphs 1-12 of Count 2 as if fully set forth herein;

2. The Defendants, SPEEDY TRANSPORTATIONS, INC. AND AL DIKHOW, are vicariously liable for the negligent acts and omissions of the Defendant, SOHAIB-ASBAH KAMIL SHAMMO.

3. At all times material herein, the Defendants had a duty to exercise reasonable care in the hiring and retention of employees;

4. At all times material herein, the Defendants had a duty to properly train all employees to

ensure safe operation of a commercial motor vehicle;

5. At all times material herein, the Defendants had a duty to properly train all employees to ensure knowledge of the Federal Motor Carrier Safety Regulations;

6. The Defendants negligently breached their duty as described above by committing one or more of the following negligent acts or omissions:

   a. Hired and retained SOHAIB-ASBAH KAMIL SHAMMO to serve as a commercial motor vehicle without his having proper knowledge of how to operate a commercial motor vehicle, including how to determine stopping distance and how to properly stop a commercial motor vehicle;

   b. Failed to provide proper training regarding the operation of a commercial motor vehicle;

   c. Failed to properly train SOHAIB-ASBAH KAMIL SHAMMO on the operation of a commercial motor vehicle, including proper stopping distance of a commercial motor vehicle;

   d. Failed to properly train SOHAIB-ASBAH KAMIL SHAMMO and ensure knowledge of the Federal Motor Carrier Safety Regulations;

7. At all time relevant herein, the Defendants, SPEEDY TRANSPORTATION, INC. AND AL DIKHOW, reasonably knew or should have known that the acts and omissions of all other Defendants, as described elsewhere in this Complaint and incorporated by reference into this cause of action, were engaged in the negligent conduct as described herein;

8. The Defendants, SPEEDY TRANSPORTATION, INC. AND AL DIKHOW, are vicariously liable under respondent superior for said acts of the Defendant, SOHAIB-ASBAH KAMIL SHAMMO.

9. That as a direct and proximate result of one or more of the foregoing careless and negligent

acts and/or omissions of the Defendants, SPEEDY TRANSPORTATION, INC. AND AL DIKHOW, the commercial motor vehicle driven by SOHAIB-ASBAH KAMIL SHAMMO was caused to and did come in contact with and strike the rear of the motor vehicle containing the Plaintiff, GLENN MATLOCK, and caused the motor vehicle owned by the Plaintiff, GLENN MATLOCK, to come into contact with the vehicle located in front of the Plaintiff.

10. That as a direct and proximate result thereof, the Plaintiff, GLENN MATLOCK, was then and there thrown about his vehicle and thereby greatly injured as a result of said collision, and his body sustained injury and he suffered great bodily pain and injury and mental anguish from then until now and he will continue to suffer; he has expended and will expend in the future, large sums of money for medical expenses in endeavoring to become cured of said injuries, and he has lost large sums of money because of his inability to return to his normal business and occupation and his earning capacity has been permanently impaired.

WHEREFORE, the Plaintiff, GLENN MATLOCK, asks for judgment against the Defendant, SOHAIB-ASBAH KAMIL SHAMMO, in a sum in excess of $50,000.00.

Respectfully submitted,

Robert D. Fink
Attorney for Plaintiff

Collison Law Office
19 S. LaSalle St., Suite 1400
Chicago, Il 60603
312-229-1560
312-906-7615 (f)
rfink@collisonltd.com

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

Glenn Matlock,                                    )
                                                  )
    Plaintiffs,                                   )
                                                  )
        v                                         )       2016L005955
                                                  )       CALENDAR/ROOM B
Sohaib-Asbah Kamil Shammo, Speedy Transportation, )       TIME 09:00
Inc., and Al Dikhow, individually and as President of )   PI Motor Vehicle
Speedy Transportation, Inc.                       )
                                                  )
                                                  )
                                                  )
                                                  )
    Defendants.                                   )

### AFFIDAVIT

Under penalty of perjury, I, Robert D. Fink, state that the total of money damages sought in the above-captioned case exceed Fifty Thousand and No/00 ($50,000.00) Dollars.

_____
Robert D. Fink

SUBSCRIBED and SWORN to before me this
_15_ day of _June_____, 2016.

_Claudia Villaseja_____
NOTARY PUBLIC

CLAUDIA VILLASENOR
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 14, 2019

COLLISON LAW OFFICES, LTD.
19 S LaSalle, Suite 1400
Chicago, IL 60603
(312) 229-1560
Attorney No. 11352